UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASE NO.: 21-20242-CR-ALTONAGA

JONATHAN DAVID GRENON

Defendant

## DEFENDANTS MOTION TO DISMISS FOR FAILURE TO PROVIDE A SPEEDY TRIAL AND PROSECUTORIAL MISCONDUCT

DEFENDANT, JONATHAN DAVID GRENON respectfully moves the Court to dismiss the above-entitled cause on the grounds that this case has been pending for years and I have not received a speedy trial.

1. I was arrested and taken into custody on July 8th, 2020.

2. The Prosecutor, after all the time I have been incarcerated, just moved for a psychiatric evaluation without good cause and without proper notice, and certainly for the purpose of extending my incarceration and with the specific purpose of depriving me of my rights to a speedy trial.

3. I have never consented to any extensions of time and demand a speedy trial in order to prove my innocence and prove that the prosecution has proceeded with this case in bad faith, without cause, and has concealed material evidence which is exculpatory and the People have concealed that information in order to obtain an advantage at trial.

4. I am informed, believe, and thereon allege that the People are in possession of videos, books and records which show the substance for which I am accused of possessing is in fact, a cure for many illnesses, and the information in their possession shows that the material would save others lives.

1

jonathan david greno

5. The concealment of that information they possess deprives me of the affirmative defense of defense of others.

6. I do not have this evidence due to my incarceration; I have to rely on the people to provide a copy of what they were provided.

7. The information they possess shows that the substances are not dangerous, and the pharmacy companies have suppressed patents to prevent this medical cure from being distributed, and that information would be and is a material affirmative defense.

8. That the Prosecutor, in addition to concealing material evidence, has continued to keep me incarcerated by different motions and means, depriving me of a speedy trial, and the most recent tactic is the use of a psychiatric evaluation without any cause or evidence that I am now suddenly in need of such an evaluation after being in their custody for more than two years.

9. Clearly, the Prosecutorial misconduct is exacerbated by the fact that they are intending to cause severe emotional distress by placing me in an institution with dangerous psychotic individuals and subjecting me to unnecessary medical treatment, drugs, and testing solely to delay my right to a speedy trial and to prevent me from having a fair trial.

10. Defendants continued detention was caused by the People's lack of a proper policy or procedure to ensure timely psychological evaluations for inmates in its custody.

11. The People had two years within which to request and complete an evaluation, now, suddenly when trial is being scheduled, the People move to have the Defendant evaluated without any cause.

12. The People are responsible for his continued detention, which violated the Defendant's constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments.

2


Jonathan david grenon

13. Defendants rights were violated by the detention pending the psychiatric evaluation, as well as the delay in either a speedy trial or release.

14. The Defendant has been held in custody without bail.

15. The Defendant has been denied sources to prepare for his defense.

16. The continued delay in obtaining a speedy trial amounts to a due process violation.

17. There can be no doubt that Defendant's continued detention for two years before the evaluation even was requested or did not take place, affected a liberty interest protected by the Fourteenth Amendment. See, e.g., *Vitek v. Jones*, 445 U.S. 480, 491-94, 100 S.Ct. 1254, 63 L.Ed.2d 552 1341*1341 (1980) ("[T]he transfer of a [convicted] prisoner from a prison to a mental hospital must be accompanied by appropriate procedural protections."); *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) ("At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed."); *Lynch v. Baxley*, 744 F.2d 1452, 1463 (11th Cir.1984) ("We forbid the use of jails for the purpose of detaining persons awaiting involuntary commitment proceedings, finding that to do so violates those persons' substantive and procedural due process rights."). The due process clause is therefore implicated by Defendant's prolonged detention. See generally Zinermon v. Burch, 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) ("[T]he Court has usually held that the Constitution requires some kind of a hearing before the state deprives a person of liberty or property.") (emphasis in original). Here, there was not a proper hearing before continuing the trial, delaying the trial, and requesting an evaluation without any cause whatsoever. There is no articulable reason why I would be sent for evaluation after spending two years in custody without incident.

3

*jonathan*
*jonathan david gore*

18. To determine whether a procedural due process violation occurred, a court must decide "what process the state provided and whether it was constitutionally adequate." *Id.* at 126, 110 S.Ct. 975. "This inquiry... examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by any statute or tort law." *Id.* Here, the People made the request solely to deprive me of my Constitutional right to a speedy and public trial.

19. When a government actor deprives an individual of liberty by violating a state law which, if complied with, would have provided pre-deprivation process, that person has suffered a procedural due process violation. *See Zinermon*, 494 U.S. at 138, 110 S.Ct. 975.

20. Studies exist which are exculpatory and the Defendant has learned that the prosecution was provided that information from an amicus group who believes in the safety and effectiveness of the substances which the Defendant is being charged with possessing.

21. That information could have, and should have been shared since the People were ORDERED by this Court to share ALL exculpatory evidence.

22. The attached shows that the information was provided by USPS PRIORITY MAIL, RETURN RECEIPT to the People, and they did NOT share the same with the Defendant.

23. As a result, the Defendant is entitled to an immediate dismissal of this action.

24. Florida law also provides a mechanism for the involuntary commitment of the mentally ill, commonly referred to as the Baker Act. See FLA. STAT. §§ 394.451 et seq. The Act protects the rights of those committed to mental institutions against their will by requiring a competency evaluation within 72 hours. See § 394.463.

25. The Act mandates such an evaluation, even for patients who are unable to make a determination that evaluation is necessary. See § 394.463(1)(a).



4

jonathan david green
jonathan david grenen

26. Again, there is no evidence that anyone, including the People, complied with the Baker Act.

27. Nothing in the record indicates that the Defendant was ever asked whether he would submit to an evaluation, and there is no suggestion that he was unable to make that determination for himself.

28. More importantly, the Defendant was not evaluated within 72 hours.

29. Defendant was not provided or offered the procedures set forth in § 907.041, Rules 3.131 or 3.210, or Florida's Baker Act.

## CONCLUSION

This case has gone well beyond the well within the 30-day limit set forth in the Speedy Trial Act, 18 U.S.C. § 3161(b) and the continued abuse of processes by the prosecutor by concealing exculpatory evidence and seeking and obtaining an unnecessary psychiatric evaluation is sufficient for this Court to immediately dismiss this complaint and order the immediate release of the Defendant.

Respectfully submitted this ~~24th day of August, 2022.~~ 18th day of October, 2022

Signed reserving all my rights, without prejudice, and demanding a speedy trial and release: jonathan-david:grenon

by: jonathan-david:grenon

BY: Grenon, Jonathan-David, WITHOUT UNITED STATES – FOR NAMED DEFENDANT DBA JONATHAN DAVID GRENON

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was sent to the following people in the specified manner on the ~~24th day of August, 2022~~ 18th day of October, 2022

Prosecutor ___ Delivered or Certified Mail ~~#7022 0410 0000 8879 7377~~ US Postal Mail

Michael Homer

John Shipley Jr. 99 NE 4th St, Miami, FL 33132

Clerk of the Court Delivered or certified mail

Angela E. Noble ~~EJ 828 262 754 US~~ US Postal Mail

400 N. Miami Ave., Miami, FL 33128

Signed reserving all my rights, without prejudice, and demanding a speedy trial and release:

by: jonathan-david:grenon

BY: Grenon, Jonathan-David, WITHOUT UNITED STATES – FOR NAMED DEFENDANT DBA JONATHAN DAVID GRENON

| | | |
|---|---|---|
| 09/04/2020 | 9 | Minute Order for proceedings held before Magistrate Judge Lauren Fleischer Louis: Initial Appearance as to Jonathan David Grenon held on 9/4/2020. Defendant stood mute. Defendant proceeded Pro Se in the Middle District. The Initial Appearance, Preliminary hearing and Detention hearing was held in the Middle District of Florida. Arraignment set for 1/8/2021 AT 01:30 PM in Miami Division before MIA Duty Magistrate. (Digital 14:17:22/LFS_019.4.2020 Zoom) (Signed by Magistrate Judge Lauren Fleischer Louis on 9/4/2020). (at) [1:20-mj-03050-AOR] (Entered: 09/08/2020) |
| 11/17/2020 | | Set/Reset Hearings as to Mark Scott Grenon, Jonathan David Grenon, Jordan Paul Grenon, Joseph Timothy Grenon: Report Re: Counsel Hearing set for 11/20/2020 01:00 PM in Miami Division before MIA Duty Magistrate. (sl) [1:20-mj-03050-AOR] (Entered: 11/17/2020) |
| 11/17/2020 | 11 | CLERK'S NOTICE of filing Letter from Defendant's wife as to Jonathan David Grenon (sl) [1:20-mj-03050-AOR] (Entered: 11/17/2020) |
| 11/18/2020 | | Terminate Deadlines and Hearings as to Mark Scott Grenon, Jonathan David Grenon, Jordan Paul Grenon, Joseph Timothy Grenon. Report Re Counsel set for 11/20/20 at 1:00 P.M. was cancelled. A Faretta hearing was conducted as to Defendants Jonathan David Grenon and Jordan Paul Grenon in the Middle District of Florida when the Defendants were arrested. As of this date Mark Scott Grenon and Joseph Timothy Grenon have not initially appeared. (sl) [1:20-mj-03050-AOR] (Entered: 11/18/2020) |
| 12/22/2020 | 12 | PAPERLESS Order Resetting Arraignment for 1/22/2021 at 10:00 AM in Miami Division before MIA Duty Magistrate as to Jonathan David Grenon, Jordan Paul Grenon. Signed by Magistrate Judge Jacqueline Becerra on 12/22/2020. (dgj) [1:20-mj-03050-AOR] (Entered: 12/22/2020) |
| 01/22/2021 | 13 | Minute Entry for proceedings held before Magistrate Judge Edwin G. Torres: Status Conference re: arraignment as to Jonathan David Grenon held on 1/22/2021. Defendant not called to appear on VTC - See page 10 for codefendant. TAKEN OFF CALENDAR. AUSA Homer to schedule when indictment or information is filed. (EGT_01_1-22-2021_ZOOM_10:48 am) (cg1) [1:20-mj-03050-AOR] (Entered: 01/25/2021) |
| 04/14/2021 | 15 | NOTICE OF HEARING as to Jonathan David Grenon, Jordan Paul Grenon Arraignment set for 4/26/2021 10:00 AM in Miami Division before MIA Duty Magistrate. (kss) [1:20-mj-03050-AOR] (Entered: 04/14/2021) |
| 04/22/2021 | 16 | INDICTMENT as to Mark Scott Grenon (1) count(s) 1, 2, 3, Jonathan David Grenon (2) count(s) 1, 2, 3, Jordan Paul Grenon (3) count(s) 1, 2, 3, Joseph Timothy Grenon (4) count(s) 1, 2, 3. (cg1) (Additional attachment(s) added on 4/23/2021: # 1 Restricted Unredacted Indictment) (cg1). (Entered: 04/23/2021) |
| 04/26/2021 | 17 | Minute Order for proceedings held before Magistrate Judge Jacqueline Becerra: **ARRAIGNMENT** as to Jonathan David Grenon (2) Count 1,2,3 held on 4/26/2021. (Digital JB-04-26-2021-ZOOM-10:31 am) *jonathan david grenon* *jonathan david grenon* It is ORDERED AND ADJUDGED that pursuant to the Due Process Protc Act, the Court confirms the obligation of the United States to produce all exculpatory and impeachment evidence to the defendant pursuant to Brady |

|  |  | Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Jacqueline Becerra on 4/26/2021. (mdc) (Entered: 04/27/2021) |
|---|---|---|
| 04/26/2021 | 20 | MOTION to Dismiss Criminal Complaint 3 Complaint, by Mark Scott Grenon, Jonathan David Grenon, Jordan Paul Grenon, Joseph Timothy Grenon. Responses due by 5/10/2021 (ebz) (Entered: 04/27/2021) |
| 04/28/2021 | 21 | PAPERLESS NOTICE OF HEARING as to Jonathan David Grenon: Faretta/Pro Se Status Hearing set for 5/3/2021 11:30 AM in Miami Division before Judge Cecilia M. Altonaga. Defendant will be present in the courtroom. (ps1) (Entered: 04/28/2021) |
| 04/28/2021 | 23 | MOTION for Protective Order by USA as to Jonathan David Grenon, Jordan Paul Grenon. Responses due by 5/12/2021 (Attachments: # 1 Text of Proposed Order) (Homer, Michael) (Entered: 04/28/2021) |
| 04/28/2021 | 24 | ORDER denying 20 Motion to Dismiss as to Mark Scott Grenon (1), Jonathan David Grenon (2), Jordan Paul Grenon (3), Joseph Timothy Grenon (4). The Government is directed to file, by no later than May 3, 2021, notice indicating whether it will be seeking psychiatric or psychological examinations, pursuant to 18 U.S.C. sections 4247(b) and (c), of Defendants, Jonathan David Grenon and Jordan Paul Grenon, and the scheduling of a competency hearing of these Defendants under 18 U.S.C. section 4241(a). Signed by Judge Cecilia M. Altonaga on 4/28/2021. *See attached document for full details.* (ps1) (Entered: 04/28/2021) |
| 04/28/2021 | 25 | ORDER granting 23 Motion for Protective Order as to Jonathan David Grenon (2), Jordan Paul Grenon (3). Signed by Judge Cecilia M. Altonaga on 4/28/2021. *See attached document for full details.* (ps1) (Entered: 04/28/2021) |
| 04/28/2021 | 26 | NOTICE OF ATTORNEY APPEARANCE John Charlton Shipley, Jr appearing for USA. . Attorney John Charlton Shipley, Jr added to party USA(pty:pla). (Shipley, John) (Entered: 04/28/2021) |
| 04/30/2021 | 29 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as stand-by co to Jonathan David Grenon Noticing FPD-MIA for Jonathan David Greno appointed. A Faretta Hearing is scheduled before the Undersigned at 11:3 Monday, May 3, 2021. The parties shall appear in person for this hearing. |

Dear Barb, Mark, Jordan, Jonathan, and Joseph,
in care of Barb

Health and Healing one step at a time SSM would like to inform you that the men and women her at this PMA are behind you and would like to send donations and support in any way possible;

we would like to thank you for helping us to fix thousands of men and women with your share of the Miracle Chlorine Dioxide;

we have sent all of this research USPS # EI 073 040 442 US to the Prosecuting attorneys in hopes that they can see the mistake that they are making with prosecuting men for trying to help save peoples lives;

We sent The book: The Universal Antidote/The Science and Story of Chlorine Dioxide
sent links to all of the videos for the PA to watch
sent the study on Alcide uddergold platinum and it states "the safety of the product for humans and the environment is acceptable"

Blessings anthony




jonathan david grenon
jonathan david grenon

Health and healing one step at a time SSM
a Private Member Association
980 Rogers Lake Road
Suite B
Kila Montana 59920

Prosecuting attorneys
MICHAEL B. HOMER
Assistant United States Attorney
Court ID No. A5502497
99 Northeast 4th Street
Miami, Florida 33132-2111
and John Shipley Jr.
99 NE 4th st
Miami, Florida 33132

regarding case number 21-20242-CR-ALTONAGA

Greetings Prosecuting attorney Michael Homer and Prosecuting attorney John Shipley jr,

i believe you are attempting to prosecute individuals who believe in the validity of these studies and are concerned that the public health is at great risk because the big pharmaceutical companies are concealing how life-saving this product is. It clearly is a valid argument that the possession, distribution or use of this product is intended not to cause harm, but to save lives. You are aiding and abetting the concealment of a cure for many diseases.

men and women from our group have some information that we felt should be brought to your attention;

enclosed is an 80 page book called:

"The Universal Antidote/The Science and Story of Chlorine Dioxide"

and included is a study on "Alcide UDDERgold Platinum" 10 pages
By Health Products Regulatory Authority

Our men and women investigate cures that are being kept from mankind by Big Pharmacy;

Our goal is to bring about health and healing for mankind one step at a time;   august 17-2022

All Rights reserved, without prejudice
Sincerely, by autographica

jonathan david gres
jonathan david gres

/10

**Money-back Guarantee:** If the mailer submits an item at a designated USPS® Priority Mail Express® acceptance location on or before the specified deposit time, the Postal Service will deliver or attempt delivery to the addressee or agent before the applicable delivery date and time. Mailer may request the addressee's signature from the addressee upon delivery of the item by checking the "signature required" box at the time of mailing. If the Postal Service does not deliver or attempt delivery by the specified time and the mailer files a valid claim for a refund, the Postal Service will refund the postage, unless an exception applies. See *Mailing Standards of the United States Postal Service*, Domestic Mail Manual (DMM®) 604.9.5.5 which is available at *pe.usps.com*.

*Note:* The Postal Service does not offer money-back guarantee for military or DPO shipments delayed due to customs inspections or if the item was destined for an APO/FPO/DPO that was closed on the intended day of delivery or the delay was caused by one of the situations in DMM 604.9.5.5. Consult USPS.com® or your local Post Office™ for information on delivery commitments and Priority Mail Express Military Service (PMEMS). For details, see DMM 703.2.6, which is available at *pe.usps.com*.

When a mailer submits a Priority Mail Express item requiring a signature and the Postal Service cannot deliver the item on the first attempt, the Postal Service leaves a notice for the addressee. If the addressee does not claim the item within [illegible] calendar days, the Postal Service returns the item to the sender at no additional charge.

**Insurance coverage:** The Postal Service provides insurance only in accordance with postal regulations in the DMM, which is available at *pe.usps.com*. The DMM sets forth the specific types of losses that are covered, the limitations on coverage, terms of insurance, conditions of payment, and adjudication procedures. Certain items are not insurable. The DMM consists of federal regulations, and USPS personnel are not authorized to change or waive these regulations or grant exceptions. A mailer who requires information on Priority Mail Express insurance may contact the Postal Service before submitting an item. Limitations prescribed in the DMM provide, in part, that:

1. Insurance coverage extends to the actual value of the contents at the time of mailing or the cost of repairs, not to exceed the insured limit for the item.
2. The Postal Service insures the contents of Priority Mail Express "merchandise" items (with "merchandise" defined by postal regulations) against loss, damage, or missing contents. The Postal Service includes coverage up to $100 per mailpiece at no additional charge. Additional merchandise insurance up to $5,000 per mailpiece may be available for purchase. Additional insurance for Priority Mail Express items is not available unless a signature is required.
3. The Postal Service insures "nonnegotiable documents" (as defined by postal indemnity regulations) against loss, damage, or missing contents up to $100 per mailpiece for document reconstruction, subject to additional limitations for multiple pieces lost or damaged in a single catastrophic occurrence. Document reconstruction insurance provides reimbursement for the reasonable costs incurred in reconstructing duplicates of nonnegotiable documents mailed. Document reconstruction insurance coverage above $100 per mailpiece is not available. The mailer should not attempt to purchase additional document insurance, because additional document insurance is void.
4. The Postal Service insures "negotiable items" (defined by postal regulations as items that can be converted to cash without forgery), currency, or bullion up to a maximum of $15 per mailpiece.
5. The Postal Service does not provide coverage for consequential losses due to loss, damage, or delay of Priority Mail Express items or for concealed damage, spoilage of perishable items, and articles improperly packaged or too fragile to withstand normal handling in the mail.

*Coverage, terms, and limitations are subject to change.* For additional limitations and terms of coverage, consult the DMM, which is available at *pe.usps.com*.

**Indemnity Claims (Loss, Damaged or Missing Contents):** Either the mailer or the addressee may file an indemnity claim for loss, damaged or missing contents. The claimant may submit the claim online at *usps.com*, or by mail; for more information see Publication 122, *Domestic Claims, Customer Reference Guide*. The timelines for claims are as follows: claims for loss – no sooner than 7 days but no later than 60 days after the date of mailing; claims for damage or missing contents – immediately but no later than 60 days from the date of mailing. Retain the original USPS retail receipt or eReceipt/electronic receipt for claims purposes. For claims involving damage or missing contents, also retain the article, container, and packaging for Postal Service inspection when requested.

**Refund of Postage and Fees (Service Performance):** If delivery of a Priority Mail Express (PME) item does not meet the scheduled delivery commitment(s), online and commercial customers may submit a refund request by visiting *USPS.com*. Retail customers may submit a refund request either online at *USPS.com* or at retail locations. Refund requests for postage must be submitted no sooner than 2 days and no later than 30 days from the date of the mailing; Extra Services fees refund requests must be submitted no sooner than 30 days and no later than 60 days from the date of mailing. Each tracking number can only be submitted once for all applicable refunds. Refund requests for PME or PME with Extra Services must be combined into a single submission.

*Thank you for choosing Priority Mail Express service.*

**Tracking:** For USPS Tracking, scan the QR Code below or go to USPS.com or call 800-222-1811

EI 073 040 442 US

Priority Mail Express tracking number

LABEL 11-B MAY 2021 PSN 7690-02-000-9936

jonathan david green

jonathandavidgreen

Jonathan David Grenon
# 73681018
FDC- Miami
P.O Box 019120
Miami, FL
33101-9120

Angela E. Noble
400 N. Miami Ave.
Miami, Florida
33128

U.S.M.S.
INSPECTED
BY: