```
1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2                          MIAMI DIVISION
                     CASE NO. 21-cr-20242-CMA
3

4    UNITED STATES OF AMERICA,         Miami, Florida

5              Plaintiff,              May 3, 2021

6        vs.                          11:34 a.m. to 11:51 a.m.

7    JONATHAN DAVID GRENON,            Courtroom 12-2

8              Defendant.              (Pages 1 to 15)

9    _____

                     FARETTA/PRO SE STATUS HEARING
10        BEFORE THE HONORABLE CECILIA M. ALTONAGA,
                     UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

     FOR THE GOVERNMENT:    MICHAEL HOMER, ESQ.
13                          JOHN SHIPLEY, ESQ.
                            Assistant United States Attorney
14                          99 Northeast Fourth Street
                            Miami, FL  33132-2131
15                          (305) 961-9000
                            michael.homer@usdoj.gov
16                          john.shipley@usdoj.gov

17   FOR THE DEFENDANT:     JONATHAN DAVID GRENON, Pro Se

18                          ASHLEY KAY, ESQ. (Standby Counsel)
                            Assistant Federal Public Defender
19                          150 West Flagler Street
                            Miami, FL 33130-1536
20                          (305) 533-4236
                            ashley_kay@fd.org
21

     REPORTED BY:           STEPHANIE A. McCARN, RPR
22                          Official Court Reporter
                            400 North Miami Avenue
23                          12th Floor
                            Miami, Florida 33128
24                          (305) 523-5518
                            Stephanie_McCarn@flsd.uscourts.gov
25
```

<u>I N D E X</u>

<u>WITNESSES</u>

<u>WITNESSES FOR THE GOVERNMENT</u>:                    <u>Page</u>
--

<u>WITNESSES FOR THE DEFENDANT</u>:                     <u>Page</u>
--

<u>EXHIBITS IN EVIDENCE</u>                   <u>IDENTIFIED</u>   <u>ADMITTED</u>
--          --

<u>MISCELLANEOUS</u>

Proceedings.......................................    3
Court Reporter's Certificate......................    15

```
1              (The following proceedings were held at 11:34 a.m.)

2              COURT SECURITY OFFICER:  All rise.

3              THE COURT:  Good morning.  Please be seated.

4              In United States v. Jonathan David Grenon -- is it

5   Grenon or Grenon?

6              All right.  Good morning.

7              Counsel, please state your appearances.

8              MR. HOMER:  Good morning, Your Honor.  Michael Homer

9   and John Shipley for the United States.

10             MR. SHIPLEY:  Good morning, Your Honor.

11             THE COURT:  Good morning.

12             MS. KAY:  Good morning, Your Honor, Ashley Kay on

13  behalf of the Office of the Federal Public Defender.

14             THE COURT:  Good morning, Ms. Kay.  Nice to see you.

15             MS. KAY:  Good morning, Judge.  Same here.

16             THE COURT:  And is it Mr. Grenon or Grenon?

17             THE DEFENDANT:  I am Jonathan David of the Grenon

18  family.

19             THE COURT:  Grenon.

20             THE DEFENDANT:  Here by special appearance.

21             THE COURT:  Thank you.  Please be seated, Mr. Grenon.

22             So, Mr. Grenon, I believe -- the Defendant was

23  arraigned last week; is that correct?

24             MR. HOMER:  Yes, Your Honor, that's correct.

25             THE COURT:  Mr. Grenon, you've received a copy of the
```

1    indictment; is that right?

2              THE DEFENDANT:  My brother did.

3              THE COURT:  Would you like a copy of the indictment?

4              THE DEFENDANT:  No, ma'am.

5              THE COURT:  All right.

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  And which brother did you reference

8    earlier?

9              THE DEFENDANT:  Jordan Paul of the Grenon family.

10             THE COURT:  Jordan.  All right.

11             So the indictment contains several charges.  The first

12   one is a charge of conspiracy to defraud and commit offenses

13   against the United States charged under 18 U.S. Code,

14   Section 371.  Count 2 charges criminal contempt in violation of

15   18 U.S. Code, Section 4013, in violating a temporary

16   restraining order.  Count 3 charges the same except in

17   violation of the preliminary injunction order.

18             So there are a total of three crimes charged in the

19   indictment, Mr. Grenon.

20             I would ask the prosecutor, Mr. Homer, can you advise

21   the Defendant of what his maximum possible sentence may be as

22   to each count of the indictment?

23             MR. HOMER:  Yes, Your Honor.

24             With respect to Count 1, the conspiracy count, the

25   statutory maximum term of imprisonment is five years.  With

1  respect to the Counts 2 and 3, criminal contempt, the statutory

2  maximum is life imprisonment.

3          THE COURT:  Thank you.

4          So, Mr. Grenon, I brought you here this morning to

5  inquire about your wishes with respect to having an attorney

6  represent you in this case, and that's why Ms. Kay is seated to

7  your right.  I appointed the Office of the Public Defender as

8  standby counsel to assist you because it is my understanding

9  that you do not wish to have counsel representing you in this

10 case.

11         So I need to ask you a number of questions to

12 determine whether that is your wish and if you are making that

13 request voluntarily and intelligently.

14         That's the purpose for this morning's hearing.

15         Your answers to my questions need to be given to me

16 under oath.  So I would ask you to raise your right hand.

17     (The Defendant was sworn.)

18         THE DEFENDANT:  I do.

19         THE COURT:  Mr. Grenon, how old are you?

20         THE DEFENDANT:  I'm 35.

21         THE COURT:  How far did you go in school?

22         THE DEFENDANT:  I finished high school and received a

23 diploma and did one semester in college.

24         THE COURT:  Have you ever been treated for a mental

25 illness or for an addiction to narcotic drugs?

1        THE DEFENDANT:  I have not.

2        THE COURT:  Have you taken any drugs or alcohol in the

3  last 48 hours?

4        THE DEFENDANT:  No, Your Honor.

5        THE COURT:  Do you believe that you have any mental or

6  physical condition or illness that prevents you from

7  understanding the questions that I'm asking you this morning?

8        THE DEFENDANT:  No, Your Honor.

9        THE COURT:  Do you understand, Mr. Grenon, that you

10  have the constitutional right to be represented by an attorney

11  at every stage of this criminal case that has been brought

12  against you?

13        THE DEFENDANT:  I do.

14        THE COURT:  Do you understand that if you cannot

15  afford an attorney, the Court appoints one for you at no cost

16  to you?

17        THE DEFENDANT:  I do understand.

18        THE COURT:  Do you understand the three charges that

19  have been brought against you in the indictment that I

20  summarized earlier?

21        THE DEFENDANT:  I declare I'm innocent.

22        THE COURT:  My question is:  Do you understand the

23  charges?

24        THE DEFENDANT:  I do.

25        THE COURT:  Do you understand the maximum possible

1    sentence that you can receive if you are found guilty?

2              THE DEFENDANT:  I do.

3              THE COURT:  Are you able to afford a privately

4    retained attorney, Mr. Grenon?

5              THE DEFENDANT:  I choose not to.

6              THE COURT:  Is it your wish to represent yourself in

7    this case?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Is it your wish to forego the services of

10   a Court-appointed attorney to represent you and assist you in

11   defending you against these charges?

12             THE DEFENDANT:  I refuse.

13             THE COURT:  Have you ever studied the law, Mr. Grenon?

14             THE DEFENDANT:  The law comes from the Bible, and I

15   studied that since my youth; therefore, I am competent in the

16   law.

17             THE COURT:  Besides studying the Bible, have you

18   studied any other books that pertain to the laws of this

19   country?

20             THE DEFENDANT:  I have studied the books of the

21   constitution.

22             THE COURT:  Have you ever represented yourself in a

23   criminal case?

24             THE DEFENDANT:  I have not had to.

25             THE COURT:  Do you understand that if you are found

1    guilty of these charges, I can order that your sentences run

2    consecutively, that is one after the other after the other?

3              THE DEFENDANT:  I will remain silent on that question.

4              THE COURT:  Do you understand that there are advisory

5    sentencing guidelines that may have an effect on your sentence

6    if you are found guilty?

7              THE DEFENDANT:  I will remain silent on that question

8    also.

9              THE COURT:  Do you understand that if you represent

10   yourself, Mr. Grenon, you are on your own.  I cannot tell you

11   or even advise you how you should defend yourself or try your

12   case?

13             THE DEFENDANT:  I do understand.

14             THE COURT:  Are you familiar with the Federal Rules of

15   Evidence?

16             THE DEFENDANT:  I remain silent on that.

17             THE COURT:  Do you understand that the rules of

18   evidence govern what evidence may or may not be introduced at

19   trial, that in representing yourself, you must abide by those

20   very technical rules, and that they will not be relaxed for

21   your benefit?

22             THE DEFENDANT:  I will remain silent.

23             THE COURT:  Are you familiar with the Federal Rules of

24   Criminal Procedure?

25             THE DEFENDANT:  I remain silent on that question.

1          THE COURT:  Do you understand that the Federal Rules

2    of Criminal Procedure govern the way a criminal action is tried

3    in federal court, that you are bound by those rules, and that

4    they will not be relaxed for your benefit?

5          THE DEFENDANT:  I will remain silent on that question.

6          THE COURT:  Do you know how to conduct a voir dire

7    examination of prospective jurors?

8          THE DEFENDANT:  I remain silent.

9          THE COURT:  Do you understand the grounds for excusing

10   a juror for cause?

11         THE DEFENDANT:  I remain silent on that.

12         THE COURT:  Do you know the definition of hearsay?

13         THE DEFENDANT:  I do.

14         THE COURT:  What is the definition of hearsay?

15         THE DEFENDANT:  I remain silent on that.

16         THE COURT:  Do you know the exceptions to the hearsay

17   rule?

18         THE DEFENDANT:  I will remain silent.

19         THE COURT:  And do you know the best evidence rule?

20         THE DEFENDANT:  I remain silent.

21         THE COURT:  Do you know what constitutes proper

22   impeachment of a witness?

23         THE DEFENDANT:  I will remain silent.

24         THE COURT:  Do you know when character evidence is

25   appropriate and when it is not appropriate?

1      THE DEFENDANT:  Counsel has advised me to remain

2   silent.

3      THE COURT:  Do you know when and how to make proper

4   objections?

5      THE DEFENDANT:  Counsel has advised me to remain

6   silent.

7      THE COURT:  What counsel is that?

8      THE DEFENDANT:  My counsel.

9      THE COURT:  Yourself?

10     THE DEFENDANT:  I remain silent on that question,

11  Your Honor.

12     THE COURT:  When you say counsel, are you referring to

13  Ms. Kay, who is seated to your right?

14     THE DEFENDANT:  No, ma'am.

15     THE COURT:  Do you know when and how to move for a

16  judgment of acquittal?

17     THE DEFENDANT:  I am remaining silent.

18     THE COURT:  Do you know what a motion for judgment of

19  acquittal is?

20     THE DEFENDANT:  Counsel has told me to remain silent

21  on that question.

22     THE COURT:  Do you understand that the failure to

23  properly move for a judgment of acquittal may result in a

24  waiver?

25     THE DEFENDANT:  I will remain silent.

1    THE COURT:  Do you know how to proffer evidence to

2  protect your record for appeal?

3    THE DEFENDANT:  I will remain silent on that.

4    THE COURT:  Are you familiar with the motion for

5  mistrial?

6    THE DEFENDANT:  I will remain silent on that question,

7  Your Honor.

8    THE COURT:  Do you know the proper grounds for a

9  mistrial?

10    THE DEFENDANT:  I will remain silent on that question.

11    THE COURT:  Are you aware that the failure to timely

12  move for a mistrial may waive crucial mistakes made by the

13  Government or by myself?

14    THE DEFENDANT:  Counsel has advised me to remain

15  silent.

16    THE COURT:  Do you know how to request and object to

17  jury instructions?

18    THE DEFENDANT:  I must remain silent.

19    THE COURT:  Has anyone threatened you if you either

20  hire a lawyer or accept one that is appointed by the Court?

21    THE DEFENDANT:  I will remain silent on that.

22    THE COURT:  Can you read the English language?

23    THE DEFENDANT:  Yes, Your Honor.

24    THE COURT:  Do you understand that a lawyer knows how

25  to work with the Government at negotiating your case to try to

```
 1    achieve the best result for you short of trial?

 2              THE DEFENDANT:  I will remain silent on that question.

 3              THE COURT:  Do you understand that a lawyer knows how

 4    to bargain with the Government and seek better terms for you in

 5    resolving this criminal case?

 6              THE DEFENDANT:  I'm counseled to remain silent on that

 7    question.

 8              THE COURT:  Mr. Grenon, shall I appoint a lawyer to

 9    represent you?

10              THE DEFENDANT:  I do not wish or agree to seek to be

11    forced counsel that I do not choose.

12              THE COURT:  And do you wish the opportunity to choose

13    an attorney to represent you?

14              THE DEFENDANT:  I will remain silent.

15              THE COURT:  Having been advised of your right to an

16    attorney, the advantages of having an attorney, the

17    disadvantages of proceeding without an attorney, the nature of

18    the charges against you, are you sure, Mr. Grenon, that you do

19    not want me to appoint a lawyer to represent you?

20              THE DEFENDANT:  I do not wish or agree to seek or be

21    forced counsel that I do not choose.

22              THE COURT:  You understand you have the right to

23    choose your lawyer?

24              THE DEFENDANT:  I do not wish or agree to seek or be

25    forced counsel that I do not choose.
```

1    THE COURT:  Correct.  I'm following along with that --

2    THE DEFENDANT:  Sorry.

3    THE COURT:  Following along with that statement, you

4    understand you have the right to choose a lawyer and retain a

5    lawyer of your choosing?

6    THE DEFENDANT:  And I refuse.

7    THE COURT:  So, Mr. Grenon, I must advise you that, in

8    my opinion, you would be far better defended by -- defended by

9    a trained lawyer than you can defend yourself.  I think it is

10   unwise of you to try to represent yourself.  You are not

11   familiar with the law, you are not familiar with court

12   procedure.  You are not familiar with the Federal Rules of

13   Evidence, you are not familiar with the Federal Rules of

14   Criminal Procedure.  I would strongly urge you not to try to

15   represent yourself.

16       In light of the penalties that you may suffer if you

17   are found guilty, and in light of all of the difficulties of

18   representing yourself, is it still your desire to represent

19   yourself and give up your right to be represented by a lawyer?

20   THE DEFENDANT:  I'm *sui juris* of one's own rights.  I

21   do not wish or agree to seek or be forced counsel that I do not

22   choose, so I will refuse.

23       THE COURT:  Except let me repeat again.  You are not

24   being forced to accept a lawyer not of your choosing.  You have

25   the right to select your own lawyer.  Do you understand that?

1          THE DEFENDANT:  And I refuse.

2          THE COURT:  You refuse.

3          Is this decision entirely voluntary on your part?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  I find that the Defendant has knowingly

6    and voluntarily waived the right to counsel.  I will therefore

7    permit Mr. Grenon to represent himself.

8          I will ask, Ms. Kay, that you remain as standby

9    counsel.

10          Are there any questions?

11          Any questions from the Government?

12          MR. HOMER:  No, Your Honor.  Thank you.

13          THE COURT:  Any areas I did not explore?

14          MR. HOMER:  No, Your Honor.  Thank you.

15          THE COURT:  Mr. Grenon, any questions?

16          THE DEFENDANT:  No, Your Honor.  Thank you.

17          THE COURT:  Thank you.

18          Ms. Kay, thank you very much.

19          MS. KAY:  Thank you, Your Honor.

20          THE COURT:  You all have a good day.

21          MS. KAY:  You too.

22          COURT SECURITY OFFICER:  All rise.

23      (The proceedings adjourned at 11:51 a.m.)

24

25

```
 1                    C E R T I F I C A T E

 2

        I hereby certify that the foregoing is an
 3
    accurate transcription of the proceedings in the
 4
    above-entitled matter.
 5

 6

 7    _05/11/2024_          [signature]
         DATE               STEPHANIE A. McCARN, RPR
 8                          Official United States Court Reporter
                            400 North Miami Avenue, Twelfth Floor
 9                          Miami, Florida 33128
                            (305) 523-5518
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```